**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY C. NAVARRO, | ) | No. ED CV 21-1529-SB (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| CONNIE GIPSON, Secretary, CDCR, | ) | |
| Respondent. | ) | |

**I**

**BACKGROUND**

Henry C. Navarro ("petitioner") initiated this action on September 7, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), along with a Memorandum in Support of Habeas Petition ("Memorandum") (ECF Nos. 1, 2). Petitioner was convicted in 1998 of petty theft with a prior (Cal. Penal Code § 666). After determining that petitioner had six prior serious or violent felony convictions, the trial court sentenced him under California's Three Strikes law to twenty-five years to life in state prison (Cal. Penal Code §§ 667(b)-(i); 1170.12). (ECF No. 1 at 2).

On November 27, 2018, the Board of Parole Hearings ("BPH") held petitioner's initial parole suitability hearing, and denied release on the ground that petitioner posed an unreasonable risk

of danger to society or a threat to public safety. The BPH also determined that petitioner's next parole hearing would be in five years. (ECF No. 2 at 8, 39-41, 137-55).

Petitioner challenged the parole determination in a round of state habeas petitions.[1] On April 25, 2019, the San Bernardino County Superior Court issued a reasoned decision denying relief, concluding that the BPH's parole denial was supported by substantial evidence and that, to the extent petitioner was contending his sentence was unconstitutionally disproportionate to his criminal conduct, his "conclusory assertion of disproportionality [was] insufficient given how well established it is that lengthy sentences under the Three Strikes law do not amount to cruel and unusual punishment." (ECF No. 2 at 187 (citing Ewing v. California, 538 U.S. 11, 17-19, 29-31, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003))). On September 19, 2019, the California Court of Appeal denied habeas relief. (ECF No. 2 at 190). On March 11, 2020, the California Supreme Court denied petitioner's habeas petition without prejudice to him filing another petition after In re Palmer, case number S256149, was decided. (ECF No. 2 at 192).

On January 28, 2021, the California Supreme Court issued its decision in In re Palmer, 10 Cal. 5th 959, 968, 970, 274 Cal. Rptr. 3d 292 (2021), holding that inmates who are denied parole but believe their confinements have become constitutionally excessive as a result, are allowed to challenge their confinements as cruel or unusual under the California Constitution. Following the Palmer decision, petitioner filed another habeas petition in the California Supreme Court, which was summarily denied on May 12, 2021. (ECF No. 2 at 194).

In the instant Petition, petitioner asserts that, after the BPH denied parole, his sentence became constitutionally excessive, and that the superior court in its reasoned decision denying habeas relief only evaluated the lawfulness of petitioner's sentence "as imposed," and failed to consider whether the BPH abused its discretion by denying release given that petitioner has been incarcerated since January 1997. (ECF No. 2 at 6, 11-12, 14).

/
/

---

[1] Petitioner attached copies of the state courts' habeas denials to the Petition.

II

**DISCUSSION**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Following a preliminary review of the Petition and Memorandum, it appears that dismissal of the Petition is warranted as petitioner's Eighth Amendment challenge is either not cognizable or is successive.

Petitioner asserts that, based on the BPH's decision to deny release on parole, his sentence has become excessively long in violation of the Eighth Amendment's ban on cruel and unusual punishment. This claim fails for several reasons. First, to the extent petitioner is attacking the BPH's parole denial itself, the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011), bars substantive parole challenges. The Cooke Court explained that a federal court's inquiry into a state prisoner's parole denial is limited to determining whether the following procedural safeguards, as set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), were satisfied: that the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Cooke, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 16). Cooke was "unequivocal in holding that if an inmate seeking parole [received the safeguards under Greenholtz], that should be the beginning and the end of the inquiry into whether the inmate received due process." Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 562 U.S. at 220) (internal quotations, alterations, and ellipsis omitted). Here, it does not appear that petitioner alleges he was in any way deprived of the opportunity to speak at his November 2018 parole hearing and contest the evidence against him, or that the BPH failed to provide him the reasons why parole was denied. Under Cooke, the Court lacks the authority to consider parole challenges that exceed the scope of these minimal due process protections. Accordingly, to the extent petitioner contends the BPH improperly found him unsuitable for parole, his claim is not cognizable and cannot be considered on federal habeas review.

Petitioner's Eighth Amendment challenge based on the parole denial is similarly unavailing. The Supreme Court in <u>Greenholtz</u> held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz</u>, 442 U.S. at 7. Petitioner does not cite, and the Court is not aware of, any clearly established federal law holding that, for inmates serving indeterminate life sentences, continued confinement following a denial of release on parole may violate the Eighth Amendment.[2] Thus, on federal habeas review, if an indeterminate life sentence is constitutional when it was imposed, it cannot be found to be unconstitutional simply on the basis that the petitioner is forced to remain incarcerated until the expiration of the term of imprisonment. See <u>Tatum v. Chappell</u>, 2015 WL 1383516, at *3 (C.D. Cal. March 24, 2015) ("[N]o clearly established Supreme Court authority holds that the denial of parole . . . to a prisoner who is serving an indeterminate life sentence could render an otherwise constitutional sentence cruel and unusual punishment."). Indeed, numerous federal courts faced with similar Eighth Amendment challenges have rejected such claims as not cognizable.[3] <u>See</u>, <u>e.g.</u>, <u>Brooks v. Borders</u>, 2018 WL 5098858, at *3 (C.D. Cal. Feb. 13, 2018) (finding no cognizable claim where the petitioner alleged that parole denial was "tantamount to cruel and unusual punishment in violation of the Eighth Amendment"), Report and Recommendation accepted, 2018 WL 5095159 (C.D. Cal. Oct. 17, 2018); <u>Molina v. Valenzuela</u>,

---

[2]   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") (Pub. L. No. 104-132, 110 Stat. 1214 (1996)), a federal court may not grant a writ of habeas corpus on behalf of a person in state custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The only definitive source of clearly established federal law under the AEDPA is the holdings of the Supreme Court as of the time of the state court decision. <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S .Ct. 1495, 146 L. Ed. 2d 389 (2000).

[3]   Although the California Supreme Court in <u>Palmer</u> held that state prisoners can seek habeas relief on the basis that, after parole was denied, their sentences became cruel and unusual in violation of California law (see <u>Palmer</u>, 10 Cal. 5th at 968, 970), this decision does not qualify as "clearly established federal law" for purposes of federal habeas review. Moreover, the analysis in <u>Palmer</u> focused exclusively on the California Constitution; there was no separate analysis under federal law.

2014 WL 4748308, at *3 (C.D. Cal. Sept. 23, 2014) (rejecting Eighth Amendment challenge based on a parole denial as not cognizable and noting that "[i]t has been repeatedly held that a denial of parole from an underlying valid sentence does not implicate the Eighth Amendment"); Rose v. Swarthout, 2012 WL 2959909, at *6 (E.D. Cal. July 19, 2012) ("Petitioner is serving an indeterminate life sentence and no violation of the Eighth Amendment occurs merely because it is determined that he is unsuitable for release on parole during the service of that prison term."). Accordingly, because petitioner is serving an indeterminate sentence of twenty-five years to life, the BPH's parole denial does not implicate the Eighth Amendment.

Alternatively, if the Petition is construed as an attempt by petitioner to directly attack his sentence itself on the theory it is grossly disproportionate to his culpability in violation of the Eighth Amendment, this claim has already been considered and rejected on federal habeas review. The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

More than nineteen years ago, in July 2002, petitioner filed an earlier federal habeas petition in this Court (the "2002 Petition") in which he challenged his 1998 conviction and asserted, among other grounds for relief, that his indeterminate sentence of twenty-five years to life violated his constitutional protection against cruel and unusual punishment. (See ED CV 02-688-GHK (PLA), ECF No. 1; ECF No. 17 at 3-4). Judgment was entered on July 2, 2003, dismissing the 2002 Petition on the merits with prejudice. (Id., ECF Nos. 21, 22). A certificate of appealability was denied by both the District Judge and the Ninth Circuit. (Id., ECF Nos. 25, 29).

Under these circumstances, to the extent petitioner seeks to reassert his Eighth Amendment challenge that he previously raised in the 2002 Petition, his claim must be rejected

as an unauthorized successive claim.[4] See Cooper v. Calderon, 274 F.3d 1270, 1273-74 (9th Cir. 2001) (per curiam); see also Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

### III
### ORDER

Based on the above, petitioner is **ordered to show cause** why his Petition for Writ of Habeas Corpus should not be dismissed. To satisfy this Order to Show Cause, **no later than October 4, 2021**, petitioner must submit to the Court a response making clear his arguments, if any, as to why his Petition should not be dismissed as not cognizable and/or as successive.

**Failure to respond by October 4, 2021, will result in the Petition being summarily dismissed for the reasons set forth above, and for failure to prosecute and follow court orders.**

DATED: September 20, 2021

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] Any claim alleging that petitioner's sentence, when imposed, violated the Eighth Amendment would also be time barred, as a state prisoner generally has a one-year limitation period for filing a habeas petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1).